UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARMEN FERNANDEZ,                    :
                                     :
     Plaintiff,                      :
                                     :
V.                                   :     Civil No. 3:05-CV-1950(RNC)
                                     :
WAL-MART STORES EAST, INC.,          :
ET AL.,                              :
                                     :
     Defendants.                     :

RULING AND ORDER

     This slip-and-fall case brought by plaintiff Carmen

Fernandez, a Connecticut resident, in Connecticut Superior Court,

was removed to this Court by defendant Wal-Mart Stores East, Inc.

on the basis of diversity jurisdiction.  Plaintiff has moved to

remand the case to state court for lack of jurisdiction on the

ground that her complaint names as a defendant another

Connecticut resident, James Tate, who managed the Wal-Mart store

where the fall occurred.  Wal-Mart counters that Tate was

fraudulently named as a defendant solely to defeat removal and is

not a party in any event because he has not been served with

process.  For the reasons that follow, the motion to remand is

granted.

     Wal-Mart has not sustained its heavy burden of proving by

clear and convincing evidence that Tate was fraudulently named as

a defendant in order to defeat removal.  See Briarpatch Ltd.,

L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004)

(defendant bears "the heavy burden" of proving fraudulent joinder

by "clear and convincing evidence, with all factual and legal
ambiguities resolved in favor of plaintiff"); Pampillonia v. RJR
Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998) (to show
fraudulent joinder, defendant must prove "that there is no
possibility, based on the pleadings, that a plaintiff can state a
cause of action against the non-diverse defendant in state
court").  Wal-Mart asserts that Tate cannot be held personally
liable under a negligence theory.  But at least one other
Connecticut plaintiff has succeeded in suing a Wal-Mart store
manager for negligence.  See Meek v. Wal-Mart Stores, Inc., 72
Conn. App. 467, 468 (Conn. App. Ct. 2002).  Thus, the fraudulent
joinder argument is without merit.

     Nor has Wal-Mart sustained its burden on the issue of
service of process.  See United Food & Commercial Workers Union,
Local 919 v. Centermark Props. Meriden Square, Inc., 30 F.3d 298,
301 (2d Cir. 1994)(removing defendant has the burden of proving
that court has diversity jurisdiction); Lupo v. Human Affairs
Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994)(doubts about
jurisdiction must be resolved against removability).  The record
contains an affidavit of a constable stating that he personally
served Tate with the writ, summons and complaint on October 29,
2005.  Wal-Mart has submitted an affidavit signed by Tate stating
that he was not served that day.  At most, Tate's affidavit
creates an issue of fact; it does not provide a basis for

resolving the issue in favor of Wal-Mart.  Accordingly, the case must be remanded.

Plaintiff has requested an award of costs and fees for improper removal (doc. # 9).  Tate's affidavit indicates that Wal-Mart had an objectively reasonable basis for seeking removal on the ground that he had not been served and thus was not a party to the case.  Accordingly, plaintiff's request is denied.  See Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005).

For the foregoing reasons, the motion to remand is hereby granted and plaintiff's request for an award of fees and costs is denied.  The Clerk will remand the action to the Connecticut Superior Court for the Judicial District of Waterbury.

So ordered.

Dated at Hartford, Connecticut this 10th day of May, 2006.


\s\
_____

Robert N. Chatigny
United States District Judge